IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Plantation at Haywood, | ) | Case No.: 6:23-cv-02700-JD-KFM |
| Plaintiff, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| Bobyette Hudgens, | ) | |
| Defendant. | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 8.) Defendant Bobyette Hudgens ("Defendant" or "Hudgens"), proceeding *pro se* and *in forma pauperis*, removed this action from Greenville County Magistrate Court (DE 1), alleging a federal question arises from an eviction action against Defendant for non-payment of rent.[2]

This case arises from a state eviction action (2019cv2310100406) filed against the Defendant by Plaintiff Plantation at Haywood ("Plaintiff"). (DE 1.) On June 15, 2023, the Defendant filed her notice of removal of the action from the State court, alleging the eviction proceedings are in violation of the Uniform Commercial Code ("UCC") and that a third-party entity, "Tons of Rentals Com" is attempting to collect a debt in violation of the Fair Debt

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] In this filing, Defendant indicated a mailing address of Bobyette Hudgens, Cross Point Apt 3, Greenville, SC 29607. (DE 1, p. 2.)

1

Collection Practices Act ("FDCPA").  (Id.)  Defendant maintains that these alleged violations give rise to federal jurisdiction, and thus, making this action removable.

The Report and Recommendation was issued on June 16, 2023, recommending *sua sponte* remand to the Greenville County Magistrate Court because this Court lacks subject matter jurisdiction to accept removal from the State court to consider Defendant's UCC and FDCPA claims.  Plaintiff has not filed an objection to the Report.[3]  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record and the Court adopts the Report (DE 8) and incorporates it herein.

It is, therefore, **ORDERED** that this matter is remanded in the interests of justice to the Greenville County Magistrate Court for further handling.

**IT IS SO ORDERED**.

S/ Joseph Dawson, III<br>United States District Judge

Florence, South Carolina
August 4 , 2023

---

[3] On June 16, 2023, the Court inadvertently attempted to mail the Report to Bobyette Hudgens, Cross Point Apt 2 (instead of Apt 3), Greenville, SC 29607.  (DE 10.)  Therefore, on July 10, 2023, the Court mailed the Report to Bobyette Hudgens, Cross Point Apt 3, Greenville, SC 29607.  On July 28, 2023, the mail was returned as undeliverable, "Not Deliverable as Addressed."  (DE 16.)

3

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.